# WHEELER v BLUE LANTERN, INC.
## Case No. 90-2516CC
County Court, Lee County

August 22, 1991

### APPEARANCES OF COUNSEL
**Cathy L. Lucrezi,** Florida Rural Legal Services, Inc., for plaintiff.
**Richard M. Fuller, Esquire,** for defendant.

### OPINION OF THE COURT
EDWARD J. VOLZ, JR., County Judge.

THIS CAUSE having come on for trial on the 20th day of August, 1991, and all parties being given the opportunity to be heard and the testimony of several witnesses being offered, this Court makes the following Findings of Fact, Conclusions of Law, and issues its Final Judgment.

### FINDINGS OF FACT

Plaintiff is an individual resident of Lee County. Defendant is a

158

domestic Florida corporation with its principal place of business being located at 2669 North Tamiami Trail, North Fort Myers, Lee County, FLorida. Defendant is licensed by the State of Florida under the Division of Hotels and Restaurants.

On or about July 13, 1990, the Plaintiff and Defendant entered into an oral agreement to rent Unit 15 of the Defendant's establishment. The Plaintiff paid to the Defendant the sum of $50.00 as a security deposit and $85.00 as one week's rent, payable in advance. The weekly rental fee is evidenced by Plaintiff's Exhibit A in evidence, which also states that the "Tenant's not allowed to sublet any portion of the premises."

Unit 15 was a house trailer. Unit 15 is situated, with several other trailers, behind the "motel unit" (a number of rooms next to each other in a single line under one roof) that faces out onto Business Route 41 in North Fort Myers, Florida. This was to be the Plaintiff's only residence. It was from this location that she registered her two minor children for school.

Upon "moving in," the Plaintiff saw some furniture, but the trailer was not fully furnished. The Plaintiff moved in her own furniture, including a bed, a television and stereo. She also "moved in" all of the family's clothing. There was a kitchen in the trailer. The Plaintiff had to supply the pots, pans and dishes. There was testimony of three (3) truckloads of the Plaintiff's property being "moved in" to the trailer.

The Plaintiff also had to supply the towels and linens. The Defendant did not provide maid service to the trailer units. The Plaintiff was responsible to clean the unit and to take the trash to the dumpster.

The Plaintiff resided in Unit 15 up until October 12, 1990. The rent was increased to $95.00 per week on September 14, 1990.

On or about October 3, 1990, the Plaintiff became intoxicated and belligerent. She allowed her minor children to run around outside. This concerned and annoyed the other tenants. The Defendant called the Lee County Sheriff's Department. A deputy responded and, at the request of the Defendant, had the Plaintiff leave the area, pursuant to Florida Statute 509.141. The Plaintiff's furniture, clothing and other property remained in Unit 15. The unit was not padlocked at that time, and the Plaintiff kept possession of her key.

On October 4, 1990, the Plaintiff was allowed to return to Unit 15. On October 12, 1990, the Plaintiff was forced to leave Unit 15 due to the fact of her behavior and failure to pay rent. She was not allowed to enter, and a padlock was placed on the unit. The Plaintiff was allowed to return several days later to remove her property.

It is this occupancy removal that gives rise to this cause of action.

## CONCLUSIONS OF LAW

The Defendant claims that it is a motel and thus governed by and allowed to act under Florida Statutes Chapter 509. The Plaintiff claims that the facts support that the Plaintiff is a tenant, the Defendant a landlord, and thus Florida Statute Chapter 83, Landlord/Tenant Act, should apply.

Based upon the facts and circumstances that existed between the Plaintiff and the Defendant, and after review of Florida Statutes 509.013(4)(b)1; 509.013(8); 509.141(1); 509.039 and 83.41; 83.43(2)(b), (4), (10); 83.67(2), this Court finds that the Plaintiff was not a transient occupant, but a tenant of the Defendant. As such, the provisions of Florida Statute Chapter 509 do not apply, and the Landlord/Tenant Act (Chapter 83) does.

Under Chapter 83, the Defendant failed to follow the statutory principles in regard to removal of a tenant, either for behavior, failure to pay rent or end of the lease term.

This Court cannot condone the conduct of the Plaintiff in becoming intoxicated and allowing her minor children to roam around the area. However, the statute is clear as to what steps the landlord must take in removing a tenant. Placing a padlock on the door is not one of them.

On October 3, 1990, the Plaintiff was removed from the area due to her intoxicated behavior that was disruptive to other tenants. She returned the next day. She remained in occupancy during that time. She was not evicted. She still had a key to Unit 15, and her property was still located there. On October 12, 1990, the Plaintiff was removed by being locked out of Unit 15. This was done without compliance with Chapter 83, and Section 83.67(4) calls for treble damages for such a violation.

## JUDGMENT

This Court finds that the Defendant acted improperly in locking the Plaintiff out of the trailer (Section 83.67(2)).

The Plaintiff was paying rent at $95.00 per week or $13.57 per day. Thirty days a month shows rent on a monthly basis to be $407.10. Multiplied by three (3), as set forth in 83.67(4), produces an amount of One Thousand Two Hundred Twenty-One Dollars Thirty Cents ($1,221.30). It is therefore,

ORDERED AND ADJUDGED that Judgment be awarded in favor

**160**

of Plaintiff, Gaye Wheeler, as against Defendant, Blue Lantern, Inc., in the amount of $1,221.30, with interest compounded yearly at the rate of 12%, commencing on August 20, 1991.

DONE AND ORDERED, in Chambers, at Fort Myers, Lee County, Florida, this 22nd day of August, 1991.